IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30375

Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ERNEST MARRERO,

Defendant-Appellee.

*************************************************************

No. 96-30760


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

WILLIAM G. BARNES, JR.,

Defendant-Appellee.

_____

Appeals from the United States District Court
For the Eastern District of Louisiana
(96-CV-1173-E & 91-CR-371-E)
_____

March 12, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

William G. Barnes, Jr. and Ernest Marrero each filed a 28 U.S.C. § 2255 motion, arguing that their 18 U.S.C. § 924(c)(1) convictions should be set aside because the jury instructions on that count contained a definition of "use" that is erroneous after Bailey v. United States, 116 S. Ct. 501, 507-09 (1995). The district court granted both of their motions, finding that the instruction did misstate the definition of "use" after Bailey. Because we find that the jury necessarily found that Barnes and Marrero "carried" guns under 18 U.S.C. § 924(c)(1), we reverse the district court's decision and uphold their convictions.

I.

Barnes and Marrero were apprehended after their two-car convoy ran a red light while driving away from a motel in LaPlace, Louisiana. Marrero rode in the lead car, and Barnes followed in an armored vehicle driven by Gerald Elwood. When the police pulled the two cars over, they discovered cocaine in plain sight in the lead car. When Barnes and Elwood exited the armored vehicle, the arresting officers found a fully loaded Glock semi-automatic pistol resting on the front seat and a .38 caliber Smith and Wesson revolver hidden on the floor beneath the passenger seat.

At trial, the district court instructed the jury that:

> Title 18, United States Code, section 924(c)(1) makes it a crime for anyone to use or carry a firearm during and in relation to a drug trafficking crime.
> For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

     <u>First</u>:  That the defendant committed the crime alleged in Count 2.  I instruct you that possession of cocaine with intent to distribute it is a drug trafficking crime; and
     <u>Second</u>:  That the defendant knowingly used or carried a firearm during and in relation to the defendant's commission of the crime alleged in count 2.

     A defendant is considered to have carried a firearm if he conveyed, transported, or caused to be transported a firearm during and in relation to a drug trafficking crime.  The word "carried" includes more than merely having a weapon on one's person.

     Although the indictment alleges that the defendants did use and carry firearms during and in relation to the commission of a drug trafficking crime, it is well established that a disjunctive statute may be pleaded conjunctively in the indictment, and proved disjunctively.  Accordingly, although count 3 of the indictment in the instant case states that the defendants did use and carry firearms, the government is only required to prove that the firearms were used or carried during and in relation to the commission of a drug trafficking crime.

     The government is not required to prove that the defendant actually fired the weapon or brandished it at someone in order to prove "use," as that term is used in this instruction.  However, you must be convinced beyond a reasonable doubt that the firearm played a role in or facilitated the commission of a drug offense.  In other words, you must find that the firearm was an integral part of the drug offense charged.  If the firearm is within the possession or control of a person who commits a drug trafficking offense, and the circumstances show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred, there is a violation of the statute . . .

     A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

The jury found Marrero and Barnes guilty of 18 U.S.C. § 924(c)(1) violations.

## II.

The government concedes that the seventh paragraph of the excerpted instructions contains language that did not require proof of "active employment" of the firearm under the "use" prong of § 924(c) as required by Bailey. The question before us, then, is whether this instructional error, viewed in light of the instructions as a whole, compels a reversal of the § 924(c) convictions.

As the district court correctly stated in its instructions, to convict a defendant under 924(c), a jury may find that the firearm was used or that the firearm was carried during the drug offense. A firearm is "carried" within the meaning of the statute "if the operator of a vehicle possesses the firearm in the vehicle during and in relation to a drug trafficking crime." United States v. Pineda-Ortuno, 952 F.2d 98 (5th Cir.), cert. denied, 112 S. Ct. 1990 (1992). Our caselaw defining "carry" was not altered by the Court's decision in Bailey. United States v. Muscarello, 1997 WL 63706 at *2 (5th Cir. Feb. 13, 1997). The erroneous instruction on "use" in this case required that the jury find that the firearm was "within the possession or control of a person who commits a drug trafficking offense." The only guns brought into evidence by the government were the two found in the vehicle occupied by Elwood and Barnes. A jury finding of possession or control under the facts of this case would constitute carrying under Pineda-Ortuno, and therefore neither Marrero nor Barnes was prejudiced by the use instruction.

4

It is for this reason that the instructional error did not affect either Barnes' or Marrero's conviction. Even if the jury found that Barnes and Marrero "used" their firearms under the erroneous definition of "use," they would have had to have found facts sufficient to constitute "carry" under the statute. Where a jury has found the functional equivalent of an element, any instructional error is deemed harmless. Sullivan v. Louisiana, 508 U.S. 275, 281 (1993).

Our decision in United States v. Fike, 82 F.3d 1315 (5th Cir.), cert. denied, 117 S. Ct. 241-42 (1996), does not conflict with our decision here. In Fike, the government did not argue that the Bailey error did not affect the conviction because the jury necessarily found that the defendant carried a firearm. As the Fike court was not presented with this issue, its decision does not bind us.

### III.

For the foregoing reasons, the judgment of the district court below is REVERSED.